```
IN THE UNITED STATES DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF ALABAMA
              SOUTHERN DIVISION
```

WILLIAM N. LUCY,                )
                                )
    Plaintiff,                  )
                                )
vs.                             )  CIVIL ACTION 10-00382-CG-M
                                )
STAR IMPORTS, et al.,           )
                                )
    Defendants.                 )

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and is before the Court on the Motion to Dismiss of Defendants, Bijan Mohandessi, Mrs. Hossein A. Mohandessi, Hossein Ali Mohandessi, Star Imports, (Doc. 5), the Motion to Dismiss of Defendants Melanie Phillips, Nikki Hedden and Lendmark Financial Services, (Doc. 11), Plaintiff's Responses thereto, (Docs. 9, 15, 16), Defendants' Joint Reply to Plaintiff's Responses (Doc. 17), and Plaintiff's Objection (Doc. 24).

After consideration of the pleadings, and for the reasons set forth below, it is recommended that Defendants' Motions to Dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2010, Plaintiff, William N. Lucy, commenced the present action against the above-named Defendants. (Doc. 1).

Plaintiff alleges that Defendants conspired to defraud him out of the proceeds of the sale of his 1997 Mercedes Benz E 320 automobile, and/or the ownership of said automobile by instructing Plaintiff to "give possession" of his automobile to customer Sandra Dubose, and representing that Lendmark Financial Services would be financing the purchase of the automobile. (Doc. 1 at 2). According to Plaintiff, he surrendered his automobile to Sandra Dubose "on the word of Defendants that he would be paid." (Id.). Plaintiff claims that "Mrs. Dubose took possession of the Mercedes automobile and presented Plaintiff with a check for payment for Plaintiff's 1997 Mercedes Benz made payable to Sandra Dubose and Star Imports." (Id. at 2). Plaintiff claims that Defendant Hossein A. Mohandessi refused to pay Plaintiff the money owed him for the car. Plaintiff further contends that he advised Melanie Phillips and Nikki Hedden at Lendmark Financial Services concerning the conflict, causing them to stop payment on the check. (Id.).

Plaintiff additionally claims that in October 2008, he entered into a verbal contract with the Mohandessi family to be general manager of Star Imports. (Id. at 3). Plaintiff claims that his compensation was to be thirty percent of the profit made on the sale of each automobile at Star Imports, but that by December 2009 his "pay days went from every two weeks to once a month." (Id.). Plaintiff claims that in March 2010, the owners

of Star Imports refused to pay Plaintiff, and that, on June 25, 2010, Defendant Bijan Mohandessi told Plaintiff that he was not going to pay him and that Plaintiff should sue him.  (Id.).  Finally, Plaintiff claims that Defendants Hossein A. Mohandessi and his son, Defendant Bijan Mohandessi, used "their money, shopping trips, trips, and Star Imports and other thing (sic) to influence Plaintiff's then fianceé (Beverly Sharp) thus ending Plaintiff's engagement to be married, while Plaintiff were at work at Star Imports, his employers were destroying his home life, and at the car lot created an atmosphere of constructive termination (sic)."  (Id.).

In his Complaint, Plaintiff sues Defendants for conspiracy to defraud, fraud, breach of contract, and outrage.  (Doc. 1). As to his conspiracy to defraud claim, Plaintiff seeks $8000 compensatory damages, and $10,000,000 punitive damages.  As to his fraud claim, Plaintiff seeks $10,000 compensatory damages, and $5,000,000 punitive damages.  As to his breach of contract claim, Plaintiff seeks $15,000 compensatory damages, and $10,000,000 punitive damages, and as to his outrage claim, Plaintiff seeks $10,000,000.  (Id. at 2-3).

On August 5, 2010, Defendants Bijan Mohandessi, Mrs. Hossein A. Mohandessi, Hossein Ali Mohandessi, and Star Imports filed a Motion to Dismiss Plaintiff's action for failure to state a claim, and on August 11, 2010, Defendants Nikki Hedden,

Melanie Phillips, and Lendmark Financial Services filed a Motion to Dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Docs. 5, 11, 12). Plaintiff filed responses in opposition to the Motions to Dismiss on August 10, 2010 (Doc. 9), August 20, 2010 (Doc. 15), and August 30, 2010. (Doc. 16). Defendants filed a Joint Reply on September 14, 2010, asserting lack of subject matter jurisdiction. (Doc. 17). Plaintiff objected to Defendants' reply on September 29, 2010. (Doc. 24). Defendants' motions and Plaintiff's oppositions thereto are now before the Court.

II. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Federal courts are courts of limited subject matter jurisdiction and have the power to decide only certain types of cases. Beavers v. A.O. Smith Elec. Prods. Co., 265 Fed. Appx. 772, 777 (11th Cir. 2008) (citing Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000)).

> While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to

4

> dismiss the case for lack of
> jurisdiction.

Id. (quoting Morrison, 228 F.3d at 1260-61).

"'A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.'" Id. (quoting Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n. 4 (11th Cir. 1999)). "'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Id. (quoting Fed. R. Civ. P. 12(h)(3); Morrison, 228 F.3d at 1261).

## III. DISCUSSION

Plaintiff asserts in his Complaint that jurisdiction over his claims is conferred upon this Court by virtue of 28 U.S.C. § 1332, diversity of citizenship. (Doc. 1 at 2). "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Beavers, 265 Fed. Appx. at 777 (citations omitted). "Diversity jurisdiction 'requires complete diversity-every plaintiff must be diverse from every defendant.'" Id. (quoting Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994)). "'Citizenship, not residence, is the key fact that must be alleged in the

complaint to establish diversity for a natural person.'"
Beavers, 265 Fed. Appx. at 777 (citations omitted).

"For purposes of diversity jurisdiction, 'citizenship' means 'domicile.'" Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)[1]; see also McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."),[2] cert. denied, 419 U.S. 842, 95 S. Ct. 74, 42 L. Ed. 2d 70 (1974).

"A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom…." Mas, 489 F.2d at 1399 (internal quotations omitted). Courts

---

[1] Decisions of the former Fifth Circuit handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] "[A] critical distinction emerges between residence and domicile. As a matter of law, a person residing in a particular state is not necessarily domiciled there, and therefore is not necessarily a citizen of that state. That said, while the two concepts are analytically distinct, a party's place of residence is prima facie evidence of his domicile." Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (citations omitted).

6

have recognized certain presumptions regarding a person's domicile. See Kasberger, 273 F. Supp. 2d at 1226. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." Id. (quoting McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." Id. (quoting McDonald, 13 F. Supp. 2d at 1281).

Certain objective factors are considered by courts in determining whether a domicile has been established. These factors include the following:

> location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

Kasberger, 273 F. Supp. 2d at 1226; see also Price-Williams v. Admiral Ins. Co., 2010 WL 419416, *3 (S.D. Ala. Jan. 28, 2010); Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006). As no single factor is conclusive, a "totality of

7

evidence" approach is necessary.  Id. (citing McDonald, 13 F. Supp. 2d at 1281).

Because Plaintiff is proceeding pro se, the Court liberally construes his allegations.  See Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1231 n.2 (11th Cir. 2009).  The foregoing notwithstanding, Plaintiff still has the burden of "'affirmatively alleg[ing] facts demonstrating the existence of jurisdiction.'"  Beavers, 265 Fed. Appx. at 777 (citations omitted).

In his Complaint, Plaintiff states that "this case involves interstate commerce between Star Imports et al and Plaintiff from Alabama with Lendmark Financial Services, Melanie Phillips, and Nikki Hedden all of Pensacola, Florida."  (Doc. 1 at 2).  Plaintiff's initial statement indicates that he, as well as all Defendants with the exception of Lendmark Financial Services, Melanie Phillips, and Nikki Hedden, are citizens of Alabama.  In response, all Defendants have challenged this Court's subject matter jurisdiction.  (Docs. 11, 17).

Plaintiff, subsequently, has asserted that Mr. Hossein Ali Mohandessi, Mrs. Hossein A. Mohandessi, Bijan Mohandessi, and Star Imports are tax paying citizens of the state of Maryland, as opposed to Alabama.  (Doc. 15, Ex. 1, Doc. 24, Ex. 1).  The two documents upon which Plaintiff relies in making this assertion are first, a document of unknown origin with the title

"Intelius" at the top, reflecting what is apparently a sort of internet "people search," listing fourteen individual names, including the names Hossein Mohandessi and Bijan Mohandessi. (Doc. 15, Ex. 1). A column titled "previous cities" runs along the document, seeming to indicate that the names of the individuals listed on the page may have lived in the named cities at one time. To the side of the names Hossein Mohandessi and Bijan Mohandessi are listed several cities from the state of Maryland. (Doc. 15, Ex. 1). The second document offered by Plaintiff appears to be the last page of the Star Imports Defendants' Answer to the Complaint in this action which, according to Plaintiff, reflect Maryland cell phone numbers for each of those Defendants. (Doc. 24, Ex. 1).

Defendant Hossein Ali Mohandessi has filed with this Court two affidavits regarding his claim of Alabama citizenship. (Doc. 17, Ex. 1). In these affidavits, Mr. Mohandessi avers that he resides at 201 University Boulevard in Mobile, Alabama, and that he is the sole proprietor of the business registered as Star Imports, which is licensed as a business operating only in the state of Alabama. (Id.). Mr. Mohandessi also avers that he is a resident of Alabama for all legal purposes, including payment of state income tax and that he has an Alabama driver's license. (Id.).

While the Court will construe Plaintiff's allegations liberally, the Court will not serve as "de facto counsel" for Plaintiff nor "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Considering the "totality of the evidence," it appears to the Court that Plaintiff and Defendant Hossein Ali Mohandessi are not diverse. Thus, Plaintiff has failed to meet his burden of establishing diversity of citizenship jurisdiction under § 1332.

IV. CONCLUSION

Based upon the foregoing, it is recommended that Defendants' Motions to Dismiss (Docs. 5 and 11)[3] be granted and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It is further recommended that Plaintiff's remaining pending motion (Doc. 8) be denied as moot.

The instructions which follow contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[3] The Court notes that Defendants Bijan Mohandessi, Hossein Ali Mohandessi, Mrs. Hossein A. Mohandessi, and Star Imports argued in their Motion to Dismiss that Plaintiff has failed to state a claim. (Doc. 5). However, the Court need not consider that argument as the Court has determined that it lacks subject matter jurisdiction over this action.

10

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten[4] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

 A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable Where Proceedings Tape Recorded)</u>. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

11

Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 14th day of October, 2010.

                                    s/Bert W. Milling, Jr._____
                                    UNITED STATES MAGISTRATE JUDGE